

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| JEROME GARCIA, | § | |
|         Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION 3:23-3012-MGL |
| | § | |
| SOUTH CAROLINA DSS CHILD SUPPORT | § | |
| AGENCY, | § | |
|         Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE**

Plaintiff Jerome Garcia (Garcia) filed this lawsuit against Defendant South Carolina DSS Child Support Agency (DSS). Garcia is representing himself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Garcia's complaint be dismissed with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 8, 2023, and Garcia filed his objections on August 17, 2023. The Court has carefully considered Garcia's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

In Garcia's lawsuit against DSS, he "alleges he was expected . . . , but refused, to sign a voluntary parental agreement on February 22, 2018. Report at 1 (citation omitted). "He [contends] an administrative hearing was held on October 11, 2018, at which [time] he again refused to sign the voluntary parental agreement. *Id*. (citation omitted).

Garcia "claims the family court held a show cause hearing on July 18, 2019, but denied him the right to an attorney." *Id*. 1-2 (citation omitted). He states "he was arrested for a debt without an attorney on July 18, 2019." *Id*. at 2 (citation omitted) (internal quotation marks omitted). "He generally alleges the family court denied him due process." *Id*. (citation omitted).

In Garcia's first objection, he contends he "has not consented or signed anything that would allow [the Magistrate Judge] to involve herself in this action." Objections at 1. But, as per Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), "[t]he clerk of court shall assign the following matters to a full-time magistrate judge upon filing: All pretrial proceedings involving litigation by individuals proceeding *pro se*."

Thus, it was unnecessary for Garcia, who is proceeding *pro se*, to consent to the Magistrate Judge's involvement and issuance of the Report in this matter. As such, the Court will overrule Garcia's first objection.

Second, Garcia seems to suggest the Magistrate Judge improperly applied the *Rooker-Feldman* doctrine, which takes its name from two cases in which the Supreme Court foreclosed district court jurisdiction over suits that were, in essence, appeals from state-court judgments: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). In Garcia's objections, he contends, as opposed to

challenging any state orders, his "challenge is to application of the federal protections, or lack thereof." Objections at 5.

But, when a constitutional question concerning the application of a federal protection arises in a cause in which a state court had jurisdiction of the subject-matter and of the parties, that state court's decision, whether it is right or wrong, is conclusive, unless and until it is reversed or modified by a timely and appropriate appellate proceeding. *Rooker*, 263 U.S. at 415.

Here, Garcia challenges the application of his federal protections, which arose during state proceeding in which the state court ultimately had jurisdiction over both the subject-matter and the parties. Because the *Rooker-Feldman* forbids the Court from considering Garcia's appellate-like claim his federal rights were violated during the state proceedings, the Court will also overrule Garcia's second objection.

The Court has considered Garcia's remaining objections, which are so lacking in merit as to make discussion of them unnecessary. Accordingly, the Court will overrule those objections, too.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Garcia's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court Garcia's complaint is **DISMISSED WITH PREJUDICE**. Consequently, his motion for a permanent injunction is necessarily **RENDERED AS MOOT**.

**IT IS SO ORDERED**.

Signed this 18th day of April, 2024, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.